UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELEAZAR SOLIS,

    Defendant.
_____/

File No. 1:94-CR-189

HON. ROBERT HOLMES BELL

## ORDER OF TRANSFER

Following a jury conviction for conspiracy to distribute and conspiracy to import marijuana, Defendant was sentenced by this Court on October 2, 1995 to 240 months' imprisonment. Defendant appealed his conviction and the Sixth Circuit affirmed.

After his conviction was final, Defendant filed numerous collateral challenges to his conviction. On January 12, 1998, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Solis v. United States*, No. 1:98-CV-28 (Docket #1). By opinion and order issued October 15, 1998, the Court denied the motion. *Solis v. United States*, No. 1:98-CV-28 (Docket ##8, 9). Defendant subsequently filed a motion in the Sixth Circuit, seeking leave to file a second or successive § 2255 motion. In November 2001, the Sixth Circuit denied Defendant's motion. *United States v. Solis*, No. 1:94-CR-189 (Docket # 432). Thereafter, Defendant filed a motion in this Court on May 13, 2002, to reduce his sentence (Docket #442), and that motion was denied on February 11, 2004 (Docket #460).

Defendant appealed the denial, and the Sixth Circuit affirmed on January 27, 2005 (Docket #466).

The matter now is before the Court on Defendant's motion for relief from his October 2, 1995 judgment of conviction, filed pursuant to FED. R. CIV. P. 60(b) (Docket #469).  In his Rule 60(b) motion, Defendant contends that this Court's 1998 judgment violated his Sixth Amendment right to a jury under the reasoning of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

A Rule 60(b) motion for relief from judgment that challenges the substantive claims raised in the earlier petition "is the practical equivalent of a successive habeas corpus petition." *McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th Cir. 1996).  The Supreme Court recently has addressed the interrelationship between Rule 60(b) and successive habeas petitions under 28 U.S.C. §§ 2254 and 2244(b) following adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. §§ 2244(b), 2254, 2255.  *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).  The *Gonzalez* Court held that a Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing.  *Id.* at 532; *See also In re Nailor*, ___ F.3d ___, 2007 WL 1555784 (6th Cir. May 31, 2007).  Under the changes made by the AEDPA, § 2255, like § 2244(b), bars this Court from considering a second or successive petition absent authorization by a panel of the Sixth Circuit under the procedures set forth in § 2244.  *See*

28 U.S.C. §§ 2255, 2244; *Nailor*, 2007 WL 1555784 (applying *Gonzalez* to § 2255 case); *Clay v. United States*, 537 U.S. 522, 524-25 (2005) (indicating that §§ 2254 and 2255 should be construed in consistent manner). As a result, the reasoning of *Gonzalez* is equally applicable in the context of § 2255.

Here, Movant seeks to vacate the Court's judgment on the grounds that the Court's denial of relief violates the principles set forth by the Supreme Court in *Blakely*, 542 U.S. 296, and *Booker,* 543 U.S. 220. The motion unquestionably seeks to raise a substantive claim. *See Nailor*, 2007 WL 1555784 (holding that federal prisoner's attempt to raise an *Apprendi v. New Jersey*, 530 U.S. 466 (2000), challenge in Rule 60(b) motion amounted to a second or successive § 2255 challenge). Under the standard set forth in *Gonzalez*, therefore, the instant motion must be considered a second or successive petition under § 2255. *See Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005) (emphasizing that *Gonzalez* prohibits district court exercise of jurisdiction over any Rule 60(b) motion that seeks merits-based review). Accordingly,

**IT IS HEREBY ORDERED** that Movant Solis' motion to vacate (Docket #469) the Court's October 2, 1995 judgment is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall **TRANSMIT** the file to the Clerk of the Court of Appeals.

Date:    July 9, 2007                         /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              CHIEF UNITED STATES DISTRICT JUDGE